**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Alonso, | No. CV-16-02143-PHX-JAT |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Pending before the Court is Petitioner's Motion for Relief from Judgment, (Doc. 104 and 105), Pursuant to Federal Rule of Civil Procedure 60(b).

Petitioner seeks relief under Federal Rule of Civil Procedure ("Rule") 60(b)(1) from the Court's prior Order Adopting the Report and Recommendation of Magistrate Judge John Z. Boyle ("R&R"), (Doc. 87). Under Rule 60(b)(1), a court may "relieve a party or a party's legal representative from a final judgment, order or proceeding" based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

Here, Petitioner argues that the Court made a fundamental error of law underlying the judgment in this case. (Doc. 105 at 3-5). Specifically, Petitioner argues that he has shown cause to overcome his default of his ineffective assistance of appellate counsel claim, and that this Court applied the wrong law to hold otherwise. In support of his argument, Petitioner cites to the Supreme Court's holdings in *Evitts v. Lucey*, 469 U.S. 387, 401 (1985) and *Pennsylvania v. Finley*, 481 U.S. 551 (1987).

To clarify this Court's statements concerning the assistance of appellate counsel,

while a defendant is *generally* not guaranteed appellate counsel under the constitution because the constitution does not guarantee the right to appeal, *see Halbert v. Michigan*, 545 U.S. 605, 610 (2005); *see also McKane v. Durston*, 153 U.S. 684 (1894) (holding that a state need not provide a system of appellate review as of right at all), under *Evitts*, 469 U.S. at 401, a defendant is constitutionally guaranteed the right to effective assistance of appellate counsel *when the appeal is an appeal as a right.* However, that right to effective assistance of appellate counsel does not change the Court's holding that such a right is not enough to overcome Petitioner's procedural default.

In reaching this conclusion this Court relied on *Davila v. Davis* in which the Supreme Court held that this Court cannot excuse the failure to exhaust ineffective assistance of appellate counsel claims under *Martinez v. Ryan*, 566 U.S. 1 (2012). *See Davila v. Davis*, 137 S.Ct. 2058, 2065 (2017); *see also Easter v. Franke*, 2017 WL 3049581, at *1 (9th Cir. 2017) (unpublished) ("*Davila* holds that federal habeas courts cannot hear procedurally defaulted claims of ineffective assistance of appellate counsel."). In *Davila*, the Supreme Court held that "a federal court [may not] hear a substantial, but procedurally defaulted, claim of ineffective assistance of appellate counsel when a prisoner's state postconviction counsel provides ineffective assistance by failing to raise that claim." *Davila*, 137 S.Ct. at 2065. In reaching its decision in *Davila*, the Supreme Court explained:

> Petitioner argues that allowing a claim of ineffective assistance of appellate counsel to evade review is just as concerning as allowing a claim of ineffective assistance of trial counsel to evade review.[ ] We do not agree. . . . The criminal trial enjoys pride of place in our criminal justice system in a way that an appeal from that trial does not. The Constitution twice guarantees the right to a criminal trial, *see* Art. III, § 2; Amdt. 6, but does not guarantee the right to an appeal at all, *Halbert*[, 545 U.S. at 610].

*Id.* at 2066. Additionally, the Supreme Court in *Davila* further explained:

> It has long been the rule that attorney error is an objective external factor providing cause for excusing a procedural default only if that error amounted to a deprivation of the

> constitutional right to counsel. *See Edwards v. Carpenter*, [529 U.S. 446, 451 (2000)]. An error amounting to constitutionally ineffective assistance is "imputed to the State" and is therefore external to the prisoner. *Murray* [*v. Carrier*, 477 U.S. 478, 488 (1986)]. Attorney error that does not violate the Constitution, however, is attributed to the prisoner "under well-settled principles of agency law." *Coleman* [*v. Thompson*, 501 U.S. 722, 754 (1991).

*Id.* at 2065. Accordingly, given the Supreme Court's holding in *Davila* regarding procedural default of ineffective assistance of appellate counsel claims, Petitioner's motion for relief under Rule 60(b)(1) is denied on the merits. Petitioner failed to appropriately raise his claim in state court and is procedurally barred without excuse from pursuing the claim on federal habeas review.[1] While the conclusion of the prior Order remains unchanged, consistent with the clarification provided herein, the Court will amend the prior Order.

Moreover, as discussed in this Court's prior Order, even if the ineffective assistance of appellate counsel claim was considered on the merits, under *Strickland v. Washington*, 466 U.S. 668 (1984), Petitioner failed to demonstrate prejudice from the appellate counsel's failure to raise the SB 1449 claims. (Doc. 102 at 8-9).

Petitioner argues in the alternative that his claims are not actually procedurally defaulted because Petitioner appropriately pursued his SB 1449 claims through a state

---

[1] Furthermore, regardless of Petitioner's contentions concerning the law under the "cause" requirement to excuse procedural default, Petitioner has completely failed to demonstrate "prejudice." Federal habeas relief based on procedurally defaulted claims are barred unless the petitioner can demonstrate: (1) a fundamental miscarriage of justice will occur if the Court does not consider the merits of the claim, or (2) cause and actual prejudice to excuse the default of the claim. *See House v. Bell*, 547 U.S. 518 (2006). "Cause" is a legitimate excuse for the petitioner's procedural default of the claim and "prejudice" is actual harm resulting from the alleged constitutional violation. *See Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991). To establish prejudice, the petitioner must show that the underlying alleged constitutional error worked to his actual and substantial disadvantage, infecting his entire trial with constitutional violations. *See Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998); *Correll v. Stewart*, 137 F.3d 1404, 1415–16 (9th Cir. 1998). Here, because of Petitioner's reckless behavior, failing to re-try the Petitioner using the new burden of proof standard enacted by SB 1449, did not result in actual harm to Petitioner. (Doc. 102 at 11-12). Thus, Petitioner's procedural default is not excused.

petition for writ of habeas corpus. Petitioner asserts that "denial by the court of appeals of the opportunity to amend his post-conviction relief action axiomatically expands the scope of a petition for writ of habeas corpus to the state's highest court, because it converts what otherwise would have been a cognizable Rule 32 claim into a non-cognizable claim that can be presented in a petition for writ of habeas corpus." (Doc. 104 at 9). Here, the Arizona Court of Appeals denied Petitioner's motion to stay with "leave to file supplemental petition in the superior court," finding the issue precluded, because Petitioner "could" and "should" have raised the issue on direct appeal. (Doc. 65-2, Ex. DD, at 49.) Petitioner offers no support for his conclusion that denying Petitioner the opportunity to amend his post-conviction relief action falls outside of the scope of Rule 32. Accordingly, this Court denies Petitioner's request to remand the case to the Arizona Supreme Court for reconsideration of the state habeas petition.[23]

Finally, the Court denies a certificate of appealability to Petitioner for failure to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

Based on the foregoing,

**IT IS ORDERED** that, except to the extent this Court's prior order is clarified, the Motion for Relief from Judgment, (Docs. 104 and 105), is **DENIED**. Amended Order to follow.

**IT IS FURTHER ORDERED** that a certificate of appealability on this Rule

---

[2] Petitioner already filed a state habeas corpus petition in the Arizona Supreme Court arguing the SB 1449 issues. (Doc. 65-3, Ex. HH, at 2-117.) The Arizona Supreme Court denied the petition. (Doc. 65-4, Ex. II, at 2.) Procedurally, this Court cannot order a "remand" of that case to the Arizona Supreme Court.

[3] In his reply to his Rule 60(b) motion, Petitioner also states, "Although the Magistrate Judge failed to address numerous arguments asserted by Petitioner, this Court has a responsibility to perform its own independent review…." (Doc. 107 at 6-7). The Court has re-reviewed the R&R and this Court's prior order, and has determined that this Court reviewed, de novo, all portions of the R&R to which there was an objection. The Court notes that Petitioner began many paragraphs of his objections with the words "Petitioner argued," without actually making an objection to the R&R. The Court reaffirms that it considered de novo, in the amended order filed contemporaneously herewith, each portion of the R&R to which there was an objection.

60(b) motion is **DENIED**.

Dated this 11th day of June, 2018.

James A. Teilborg
Senior United States District Judge