1 WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Alonso, | No. CV-16-02143-PHX-JAT |
| Petitioner, | **AMENDED ORDER**[1] |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Pending before the Court is Petitioner's Amended Petition for Writ of Habeas Corpus. The Magistrate Judge to whom this case was assigned issued a Report and Recommendation ("R&R") recommending that the Amended Petition be denied. (Doc. 87). Petitioner filed objections to the R&R. (Doc. 98).

**I. Review**

   **A. Review of R&R**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes

---

[1] This Order amends the Order issued on March 8, 2018.

that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").

As indicated above, Petitioner filed objections to the R&R. Accordingly, the Court will review the portions of the R&R to which there is an objection *de novo*.

### B. Review of State Court Decisions

The Petition in this case was filed under 28 U.S.C. § 2254 because Petitioner is incarcerated based on a state conviction. With respect to any claims that Petitioner exhausted before the state courts, under 28 U.S.C. §§ 2254(d)(1) and (2) this Court must deny the Petition on those claims unless "a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law"[2] or was based on an unreasonable determination of the facts. *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). Further, this Court must presume the correctness of the state court's factual findings regarding a petitioner's claims. 28 U.S.C. § 2254(e)(1); *Ortiz v. Stewart*, 149 F.3d 923, 936 (9th Cir. 1998). Additionally, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

### II. Factual Background

The R&R recounts the factual and procedural background of this case at pages 2–7. Other than in the context of specific legal arguments discussed below, neither party

---

[2] Further, in applying "Federal law" the state courts only need to act in accordance with Supreme Court case law. *See Carey v. Musladin,* 549 U.S. 70, 74 (2006).

objects generally to this recounting; accordingly, the Court accepts and adopts it.

## III. Petition for Writ of Habeas Corpus

The Amended Petition (Doc. 5) raises thirteen grounds for relief. Each of the thirteen grounds for relief are premised upon a retroactive change in Arizona law (SB 1449), which altered the burden of proof for self-defense claims. The R&R finds that Petitioner's claims are technically exhausted but procedurally defaulted due to Petitioner's failure to appropriately raise his SB 1449 self-defense claims on direct appeal or during post-conviction relief proceedings. The R&R then finds that Petitioner's claims of ineffective assistance of counsel do not excuse the procedural default. Likewise, the R&R finds the default is not excused by a demonstration of a "fundamental miscarriage of justice" because Petitioner failed to demonstrate actual innocence. This Court agrees that Petitioner's claims are procedurally defaulted without excuse. Finally, under a merits review, the R&R concludes that Petitioner's self-defense claims fail as a matter of federal law and this Court agrees.

## IV. Petitioner's Claims are Procedurally Defaulted

### A. Exhaustion and Procedural Default

A district court must reject Petitions for Writs of Habeas Corpus if a petitioner does not exhaust state remedies for his federal claims. *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). A petitioner satisfies this requirement if he "fairly presents" the federal claim to the state courts. *Id.* at 351. Procedural default occurs when a petitioner has never presented a federal habeas claim in state court and is now barred from doing so by the state's procedural rules, including rules regarding waiver and the preclusion of claims. *See Castille*, 489 U.S. at 351–52; *Johnson v. Lewis*, 929 F.2d 460, 462 (9th Cir. 1991). Procedural default also occurs when a petitioner did present a claim to the state courts, but the state courts did not address the merits of the claim because the petitioner failed to follow a state procedural rule, including rules regarding waiver and the preclusion of claims. *See, e.g., Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991); *Coleman v. Thompson*, 501 U.S. 722, 727–28

(1991); *Ellis v. Armenakis*, 222 F.3d 627, 632 (9th Cir. 2000); *Szabo v. Walls*, 313 F.3d 392, 395 (7th Cir. 2002).

The R&R finds that Petitioner's claims are technically exhausted but procedurally defaulted because of Petitioner's failure to appropriately raise his SB 1449 self-defense claims on direct appeal or during his post-conviction relief proceedings. (Doc. 87 at 10–11). Petitioner objects to the Magistrate Judge's conclusion that his claims are procedurally defaulted because Petitioner claims he properly raised the SB 1449 issues in his state habeas corpus petition. (Doc. 98 at 14–15). In his objection Petitioner relies on *State v. Manning* to argue that, under Arizona law, issues not raised on direct appeal or during Rule 32 post-conviction relief proceedings may be raised independently during a state habeas corpus proceeding if the "post-conviction attacks" are not specified under Rule 32. (Doc. 98 at 14).

In *State v. Manning*, the Arizona Court of Appeals held that a "challenge to a parole revocation is not within the scope of amended Rule 32." 143 Ariz. 139, 140 (App. 1984). In reaching its holding, the Arizona Court of Appeals explained that Rule 32 was amended in 1975 and the amendment removed certain language concerning probation and parole. *Id*. After holding that parole revocation was not within the scope of Rule 32, the court concluded its opinion by stating "if a person in such circumstances does not assert a specific ground designated by Rule 32 . . . then his claim falls outside the scope of a petition for post-conviction relief and his remedy is to file a petition for writ of habeas corpus." *Id*. at 141.

Unlike *Manning*, however, this case concerns the passage of SB 1449 and its retroactive effect. A new law, like SB 1449, would arguably fall under Rule 32.1(g) as a "significant change in the law that, if applied to the defendant's case, would probably overturn the defendant's conviction or sentence[.]" Ariz. R. Crim. P. 32.1(g). Moreover, Petitioner's constitutional and jurisdictional claims related to the enactment of SB 1449, likewise, fall under Rule 32.1(a) and Rule 32.1(b). *See* Ariz. R. Crim. P. 32.1(a), (b) (where grounds for relief include "[t]he conviction or the sentence was in violation of the

Constitution of the United States or of the State of Arizona" and "[t]he court was without jurisdiction to render judgment or to impose sentence"). Therefore, the holding in *Manning* is wholly inapplicable to this case.

Accordingly, because Petitioner inappropriately raised his SB 1449 claims in his state habeas corpus proceedings, and because Petitioner was procedurally barred from raising the claims during his Rule 32 post-conviction relief proceedings, Petitioner's claims are technically exhausted but procedurally defaulted.

### B. Excusing Procedural Default

Federal habeas relief based on procedurally defaulted claims are barred unless the petitioner can demonstrate: (1) a fundamental miscarriage of justice will occur if the Court does not consider the merits of the claim, or (2) cause and actual prejudice to excuse the default of the claim. *See House v. Bell*, 547 U.S. 518 (2006). "Cause" is a legitimate excuse for the petitioner's procedural default of the claim and "prejudice" is actual harm resulting from the alleged constitutional violation. *See Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991). To demonstrate cause, a petitioner must show the existence of some external factor which impeded his efforts to comply with the state's procedural rules. *See Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998); *Martinez–Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996). To establish prejudice, the petitioner must show that the underlying alleged constitutional error worked to his actual and substantial disadvantage, infecting his entire trial with constitutional violations. *See Vickers*, 144 F.3d at 617; *Correll v. Stewart*, 137 F.3d 1404, 1415–16 (9th Cir. 1998). Establishing prejudice requires a petitioner to prove that, "but for" the alleged constitutional violations, there is a reasonable probability he would not have been convicted of the same crimes. *See Manning v. Foster*, 224 F.3d 1129, 1135–36 (9th Cir. 2000); *Ivy v. Caspari*, 173 F.3d 1136, 1141 (8th Cir. 1999). Although both cause and prejudice must be shown to excuse a procedural default, the Court need not examine the existence of prejudice if the petitioner fails to establish cause. *See Engle v. Isaac*, 456 U.S. 107, 134 n. 43 (1982); *Thomas*, 945 F.2d at 1123 n. 10.

### i. Ineffective Assistance of Counsel

Attorney error is an objective external factor providing cause for excusing a procedural default only if that error amounted to a deprivation of the constitutional right to counsel. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). An error amounting to constitutionally ineffective assistance is "imputed to the State" and is therefore external to the prisoner. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). Accordingly, "in proceedings for which the Constitution does not guarantee the assistance of counsel at all, attorney error cannot provide cause to excuse a default." *Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017).

The R&R finds that Petitioner does not have a substantial claim of ineffective assistance of trial counsel because trial counsel followed Arizona law at the time of trial and Petitioner cannot prove prejudice. Additionally, the R&R finds that Petitioner's claim of ineffective assistance of post-conviction relief ("PCR") counsel likewise does not excuse procedural default because Petitioner's right to PCR counsel is not constitutionally guaranteed. This Court agrees.

### a. Ineffective Assistance of Trial Counsel

The R&R concludes that: (1) Petitioner failed to demonstrate that any ineffective assistance of trial counsel was substantial and (2) Petitioner failed to demonstrate prejudice. Thus, the R&R finds that Petitioner's default is not excused by ineffective assistance of trial counsel. (Doc. 87 at 13–20). Petitioner objects to this finding, arguing that because the sentencing phase of the trial was not complete until after the enactment of SB 1449, his trial counsel's performance was deficient for failure to move for a mistrial prior to sentencing. (Doc. 98 at 17–19). However, contrary to Petitioner's objections, the R&R was careful to review trial counsel's conduct during the actual trial, as well as post-trial/pre-sentencing. (Doc. 87 at 13–20). The R&R finds that Petitioner's counsel was not ineffective during trial for failing to predict a change in law (Doc. 87 at 14–15), and this Court agrees. Additionally, the R&R, by applying a two-part test from *Wilson v. Henry*, to determine whether prejudice exists under *Strickland v. Washington*,

466 U.S. 668 (1984), for failure to file a motion, finds that Petitioner's counsel was not ineffective during the post-trial/pre-sentencing (Doc. 87 at 15–20). *Wilson v. Henry*, 185 F.3d 986, 990 (9th Cir. 1999) ("To show prejudice under *Strickland* from failure to file a motion, [Petitioner] must show that (1) had his counsel filed the motion, it is reasonable that the trial court would have granted it as meritorious, and (2) had the motion been granted, it is reasonable that there would have been an outcome more favorable to him.").

As part of its analysis under the *Henry* test, the R&R reviews the evidence presented and the pertinent provisions of the jury instructions. Here, the jury was instructed that "[e]ven though a person is justified in threatening or using physical force or deadly physical force against another, if in doing so such person recklessly injures or recklessly kills an innocent third person, the justification afforded is unavailable in a prosecution for the reckless injury or reckless killing of the innocent third person." (Doc. 65-8, Ex. UU, at 208). The R&R reviews testimony from Mark Hernandez, Phillip Hernandez, Carlos Galindo, and Dianna Murillo, and based on that testimony concludes that Petitioner's conduct was sufficiently reckless that the jury concluded the justification of self-defense was unavailable to Petitioner because of Petitioner's reckless conduct. (Doc. 87 at 16–20). Consequently, the R&R finds, and this Court agrees, that Petitioner failed to demonstrate a reasonable probability of a different outcome if the burden of proving self-defense switched to the prosecution, thus, Petitioner failed to establish prejudice under *Strickland*. (Doc. 87 at 20).

### b. Ineffective Assistance of Appellate and PCR Counsel

It is not clear whether Petitioner actually objects to the R&R's findings that ineffective assistance of appellate counsel and ineffective assistance of post-conviction counsel do not excuse procedural default. Nevertheless, this Court holds that the R&R was correct in its findings.

### 1. Failure to Argue the Effects of SB 1449

In *Davila v. Davis*, 137 S.Ct. 2058, 2066 (2017), the Supreme Court held that claims of ineffective assistance of appellate counsel cannot provide cause to excuse

procedural default. Thus, to the extent Petitioner is arguing that his appellate counsel was ineffective for not arguing SB 1449 would have been a basis to reverse Petitioner's conviction, that claim of ineffective assistance of appellate counsel cannot be cause to overcome Petitioner's failure to exhaust the merits of his SB 1449 claim. Thus, Petitioner's claim regarding the merits of SB 1449 is defaulted without excuse. Furthermore, Petitioner failed to exhaust an independent claim of ineffective assistance of appellate counsel (in a procedurally proper manner). Thus, any ineffective assistance of appellate counsel claim is also defaulted without excuse.

### 2. Failure to Argue Ineffective-Assistance-of-Trial-Counsel

The Supreme Court announced a narrow exception to the *Coleman* rule in *Martinez v. Ryan*, holding that where post-conviction counsel fails to raise ineffective-assistance-of-trial counsel as a claim—in states where PCR is the first opportunity to make such a claim—a Petitioner seeking habeas relief is not procedurally barred from review. *Martinez v. Ryan*, 566 U.S. 1 (2012). Under *Martinez*, a petitioner may establish cause for the procedural default of an ineffective assistance of trial counsel claim "by demonstrating two things: (1) 'counsel in the initial review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland* . . .' and (2) 'the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.'" *Cook v. Ryan*, 688 F.3d 598, 607 (9th Cir. 2012) (quoting *Martinez*, 566 U.S. at 14).

The R&R finds that, even under this exception, Petitioner failed to demonstrate that Petitioner's PCR counsel was ineffective because the underlying ineffective-assistance-of-trial-counsel claim was not substantial (Doc. 87 at 13), and this Court agrees. As discussed above, because Petitioner failed to demonstrate a reasonable probability of a different outcome if the burden of proving self-defense switched to the prosecution, Petitioner failed to establish prejudice under *Strickland*, and the ineffective-

assistance-of-trial-counsel claim is not substantial as required by *Martinez*.[3]

### ii. Fundamental Miscarriage of Justice-Actual Innocence

A federal court may review the merits of a procedurally defaulted claim if the petitioner demonstrates that failure to consider the merits of that claim will result in a "fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). A "fundamental miscarriage of justice" occurs when "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Id*. (citing *Murray*, 477 U.S. at 496). Petitioner does not object to the R&R's finding that Petitioner's procedural default is not overcome by a showing of actual innocence (Doc. 87 at 20–21); therefore, this Court accepts the R&R's analysis.

## V. Merits Review

Under a merits review, the R&R concludes that Petitioner's self-defense claims fail as a matter of federal law. (Doc. 87 at 25). In his Amended Petition (Doc. 5), Petitioner argues he was wrongfully convicted because the burden of proof at his jury trial required him to prove self-defense by a preponderance of evidence, in violation of the Fifth, Sixth, and Fourteenth Amendments. The R&R finds that because the Constitution does not prohibit states from requiring defendants to prove self-defense, Petitioner's claim that the State improperly required him to prove self-defense is not cognizable on habeas review. Petitioner objects by arguing that the reasoning in support of the finding was erroneous. (Doc. 98 at 16-17). This Court disagrees with Petitioner.

### A. Law

A federal court may not grant a writ of habeas corpus to a state prisoner on a claim adjudicated on the merits in state court proceedings unless the state court reached a decision contrary to clearly established federal law, or one involving an unreasonable

---

[3] According to the Supreme Court in *Davila v. Davis*, the *Martinez* exception only extended to ineffective assistance of post-conviction counsel for failing to argue ineffective assistance of trial counsel, not a failure of post-conviction counsel to argue ineffective assistance of appellate counsel. *Davila*, 137 S. Ct. at 2065-67. Therefore, as discussed above, such a claim of ineffective assistance of appellate counsel would also not excuse Petitioner's procedural default.

application of clearly established federal law, or unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d); *Mitchell v. Esparza*, 540 U.S. 12, 14 (2003).

> A state court's decision is "contrary to" our clearly established law if it applies a rule that contradicts the governing law set forth in our cases or if it confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.

*Mitchell*, 540 U.S. at 14 (internal citations and quotations omitted).

On collateral review, if the court determines that the decision was contrary to federal law, the next inquiry is whether the error had substantial and injurious effect or influence. *Fry v. Pliler*, 551 U.S. 112, 116 (2007).

**B. Analysis**

Here, Petitioner argues that his failure to receive the benefit of a retroactive change in state law regarding the burden of proof for self-defense violated his rights under the Fifth, Sixth, and Fourteenth Amendments. Petitioner's argument is essentially three-fold: (1) that Petitioner was deprived of a fair trial because the jury received incorrect jury instructions, (2) Petitioner was denied his right to the effective assistance of counsel, and (3) Petitioner was deprived of fair trial because the burden of proof under the former law was unconstitutional.

**i. Jury Instructions**

The R&R concludes that the retroactive effect of SB 1449 was an issue of state law rather than federal law and is therefore not cognizable under habeas review; this Court agrees. Here, when the jury deliberated, the jury instructions reflected the correct law at the time. Petitioner's claim regarding incorrect jury instructions arose only after SB 1449's enactment and due to its retroactive effect. This retroactive law was solely the product of the Arizona legislature and the enforcement of that law falls within the purview of the state, not the federal courts. *See La Rue v. McCarthy*, 833 F.2d 140, 142 (9th Cir. 1987) ("The retroactivity of a state change of law is a state question and the

federal Constitution has no voice upon the subject.")

Additionally, even if the instructions were considered incorrect, the mere fact of a state law error in jury instructions is an insufficient basis for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 71–72 (1991). Incorrect jury instructions may provide a basis for obtaining habeas relief only where "'the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.'" *Estelle*, 502 U.S. at 72 (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)). Thus, in order to grant habeas relief on the basis of incorrect jury instructions, this Court must find that: (1) the incorrect instructions created constitutional error and (2) the constitutional error was not harmless. *See Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993); *Estelle*, 502 U.S. at 72; *Evanchyk v. Stewart*, 340 F.3d 933, 939 (9th Cir. 2003). To determine whether or not an error is harmless, the Court must assess whether the error resulted in "actual prejudice." *See Brecht*, 507 U.S. at 637–38.

The instruction at issue here did not so infect the trial as to amount to a due process violation. On the contrary, here the jury was also instructed that "[e]ven though a person is justified in threatening or using physical force or deadly physical force against another, if in doing so such person recklessly injures or recklessly kills an innocent third person, the justification afforded is unavailable in a prosecution for the reckless injury or reckless killing of the innocent third person." (Doc. 65-8, Ex. UU, at 208). Petitioner shot an AK-47 into traffic and killed an innocent bystander; and as discussed above, such conduct was sufficiently reckless that the jury reasonably concluded that the justification of self-defense was unavailable to Petitioner. Accordingly, because the self-defense justification was unsupported by the facts, a retroactive change in law regarding the burden of proof of a self-defense claim would not have affected Petitioner's conviction. Therefore, any error that may or may not have existed did not result in actual prejudice against Petitioner and was therefore harmless.

### ii. Ineffective Assistance of Counsel

Petitioner's claim of ineffective assistance of trial counsel likewise fails on its

merits. Under *Strickland v. Washington*, an ineffective assistance claim has two components: (1) a petitioner must show that counsel's performance was deficient, and (2) that the deficiency prejudiced the defense. 466 U.S. at 687. In order to show prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Here, Petitioner's actions resulted in the reckless killing of a third-party and, as discussed above, Petitioner failed to demonstrate a reasonable probability of a different outcome if the burden of proving self-defense switched to the prosecution; thus, Petitioner failed to establish prejudice under *Strickland*. Further, as discussed above, counsel's performance was not deficient because the jury instructions were correct at the time of trial.

### iii. Burden of Proof

The R&R concludes that Petitioner's claims were not cognizable under habeas review because the Supreme Court has recognized that requiring a defendant to bear the burden of proving an affirmative defense does not violate the Constitution, and this Court agrees. *See Martin v. Ohio*, 480 U.S. 228 (1987) (holding that jury instructions which placed on the defendant the burden of proving self-defense by a preponderance of evidence did not violate due process where jury was instructed that it must find that state had proved all elements of crime beyond a reasonable doubt); *see also Smith v. United States*, 568 U.S. 106, 113 (2013) ("The usual rule that a defendant bears the burden of proving affirmative defenses is justified by a compelling, commonsense intuition[.]"); *Gonzalez v. Ryan*, 551 F. App'x. 909, 913-14 (9th Cir. 2014) (holding that states do not violate the Constitution if they place the burden of proof for self-defense on the defendant). Thus, Petitioner's challenge to the jury instructions as unconstitutional, under the former version of the law, also fails on the merits.

## VI. Conclusion

Based on the foregoing,

**IT IS ORDERED** that the Report and Recommendation (Doc. 87) is accepted. The objections (Doc. 98) are overruled. The Clerk of the Court shall enter an amended judgment (reflecting today's date) denying and dismissing the Amended Petition, with prejudice.

**IT IS FINALLY ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability because dismissal of portions of the petition is based on a plain procedural bar and jurists would not find this Court's procedural ruling debatable, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), and Petitioner has not made a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2).

Dated this 11th day of June, 2018.

James A. Teilborg
Senior United States District Judge